**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBERT CRAWFORD,

           Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

           Defendant.

Case No. 2:16–cv–1725–GMN–VCF

**REPORT & RECOMMENDATION AND ORDER**

MOTION TO DISMISS (ECF NO. 5): MOTION FOR DEFAULT (ECF NO. 11)

Before the court are Colvin's motion to dismiss (ECF No. 5), Crawford' response (ECF No. 12), and Colvin's reply (ECF No. 13). Also before the court are Crawford's motion for default (ECF No. 11) and Colvin's response (ECF No. 14). For the reasons stated below, Colvin's motion to dismiss should be granted, and Crawford's motion for default is denied.

**I. Legal Standard**

"If the court determines at any time that it lack subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

"No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 28 U.S.C. §405(h). "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." *Id.*

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

decision or within such further time as the Commissioner of Social Security may allow." 28 U.S.C. §405(g).

"When you have completed the steps of the administrative review process listed in paragraphs (a)(1) though (a)(4) of this section, we will have made our final decision" 20 C.F.R. §404.900(a)(5). "If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." *Id.*  Steps 1-4 of the administrative review process are as follows: (1) initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) review by the Social Security Appeals Council.  20 C.F.R. §404.900(a)(1)–(4).

"A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. §405(g), deprives the district court of jurisdiction." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

## II. Discussion

1. <u>The Commissioner's Motion to Dismiss</u>

According to the Commissioner's records, Crawford applied for Social Security benefits in October 2015.  (ECF No. 5)  In May 2016, the Commissioner denied Crawford's claims, and mailed him a notice of its decision. (*Id.*)  Crawford claims that he never received this letter.  (ECF No. 1-2)  Rather than inquire into the status of his administrative proceedings, Crawford filed this action.  (ECF No. 1)

Crawford does not dispute the Commissioner's representation that he did not seek agency reconsideration, a hearing before an administrative law judge, or review by the Appeals Council before filing this action. (ECF No. 11)  As these steps are necessary perquisites to federal court jurisdiction over this action, this action should be dismissed. *Bass*, 872 F.2d at 833.

/// /// ///

2.  <u>Crawford's Motion for Default</u>

"A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these time period: (A) 21 days after receiving—through service or otherwise—a copy of the initiating pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." FED. R. CIV. P. 81(c)(2)(A)-(C).[1]

"When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

The Commissioner moved to dismiss this action on July 28, 2016, exactly seven days after this action was removed to federal court. (ECF No. 5) The Commissioner's motion was timely, and asserted jurisdictional defenses. FED. R. CIV. P. 81(c)(2)(C). The Commissioner's motion to dismiss foreclosed Crawford's ability to move for default. FED. R. CIV. P. 55(a).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Commissioner's motion to dismiss (ECF No. 5) be GRANTED.

IT IS FURTHER ORDERED that Crawford's motion for default (ECF No. 11) is DENIED.

IT IS SO RECOMMENDED AND ORDERED.

DATED this 7th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner also argues that a default is improper as there was insufficient service of process. (ECF No. 14) Since the Commissioner moved to dismiss within 7 days of removal, this alone is sufficient to deny Crawford's motion for default.